Rebekah R. Jacobson, OSB No. 063024
rjacobson@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
PO Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
    Of Attorneys for Salem-Keizer School District

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LATINO BUSINESS ALLIANCE, JOSE GONZALES, DALTAZAR MOLINA, | No. _____ |
| Plaintiffs, | NOTICE OF REMOVAL |
| vs. | |
| SALEM KEIZER SCHOOL DISTRICT 24J, SHEMIA FAGAN, OREGON SECRETARY OF STATE, | |
| Defendants. | |

Defendant Salem-Keizer School District ("District" or "Defendant"), by counsel and consistent with 28 U.S.C. §§ 1331, 1441, and 1446 notifies this Court that it is removing the above-captioned action, currently pending as Civil Action No. 22CV27151 in the Circuit Court of Oregon, Marion County, to the United States District Court of Oregon, Eugene Division. As grounds for removal, District states as follows:

/ / / /

/ / / /

1. On or about October 28, 2022, Plaintiffs Latino Business Alliance, Jose Gonzales, and Daltazar Molina ("Plaintiffs") filed a lawsuit in Circuit Court of Marion County, Oregon, titled, *Latino Business Alliance; Jose Gonzales; Daltazar Molina v. Salem Keizer School District 24J, Shemia Fagan, Oregon Secretary of State* ("State Court Action") arising out of Plaintiffs' 42 U.S.C. § 1983 claim against the District for allegedly infringing their rights under the federal Voting Rights Act of 1965, 52 U.S.C. § 10301. [*See* Exhibit A, State Court Documents, Plaintiffs' Complaint No. 22CV37151].

2. Defendant Oregon Secretary of State Shemia Fagan did not consent to removal of the action to federal court. (*See* Jacobson Declaration, ¶ 8). On March 1, 2023, the District received a file-stamped copy of a Limited Judgment of Dismissal of the Oregon Secretary of State signed by Judge Daniel J. Wren. (*See* Jacobson Declaration, ¶ 9, Exh. 1).

3. 28 U.S.C. § 1446(b)(3) states that if a case is not removable by its initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The District Court of Oregon has ruled that 28 U.S.C. § 1446(b) explicitly provides for a "renewed thirty-day filing period" for removal under certain circumstances, including where a state court action was not initially removable because one defendant would not consent to removal, but then became removable upon discovering the fact of the non-consenting defendant's dismissal. *See Interstate Roofing, Inc. v. Valley Forge Ins. Co.*, 2007 U.S. Dist. LEXIS 91338 *9-10 (D. Or. Dec. 11, 2007).

4. This Notice of Removal is properly filed under 28 U.S.C. § 1446. This case was not removable by its initial pleading due to defendant Oregon Secretary of State Shemia Fagan not consenting to removal. The District first ascertained that the State Court Action had become removable on March 1, 2023 when nonconsenting defendant Oregon Secretary of State Shemia Fagan was dismissed from the State Court Action. (*See* Jacobson Declaration, ¶ 9, Exh. 1).

NOTICE OF REMOVAL:  
Latino Business Alliance, et al. v. Salem-Keizer School District, et al.

Page - 2

5.    The District filed this Notice of Removal on March 10, 2023, well within thirty days of it first ascertaining its removability.

6.    Consistent with 28 U.S.C. § 1446(a), true and correct copies of the summons, pleadings, and judgment of dismissal of defendant Oregon Secretary of State Shemia Fagan in the State Court Action are attached and incorporated as Exhibit A. No further proceedings have been had in the State Court Action in relation to Plaintiff's Complaint.

7.    The above-described action is one which may be removed by the District consistent with the provisions of 28 U.S.C. §§ 1331, 1441, on the basis of federal question jurisdiction as indicated by the following circumstances:

## **FEDERAL QUESTION**

8.    Plaintiffs' Complaint contains a single claim alleging the District violated 42 U.S.C. § 1983 claim when it infringed on their Plaintiffs' rights under the federal Voting Rights Act of 1965, 52 U.S.C. § 10301. Plaintiffs seek declaratory and injunctive relief, along with costs, disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1983.

9.    This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs' single claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Dennison v. City of Phoenix*, 2007 U.S. Dist. LEXIS 2540 *1 (D. Or. Jan. 7, 2007) (noting that the court would have original jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331).

10.    The United States District Court for the State of Oregon, Eugene Division, is the proper judicial district for removal, because Marion County is where the State Court Action is currently pending.

11.    Venue is proper under 28 U.S.C. § 1441(a) and LR 3-2(a) because this Court is the United States District Court for the division corresponding to the place, Circuit Court of Marion County, where the action is pending.

12. This action is not an action described in 28 U.S.C. § 1445.

13. By virtue of this Notice of Removal, the District does not waive its right to respond further to the Complaint and/or assert any claims, additional defenses, or file other motions.

14. Consistent with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon the District in this action as of the date of filing of this Notice of Removal is attached and will be filed with the clerk of the Circuit Court of the State Oregon for the County of Marion. *See* Exhibit A.

WHEREFORE, this action is properly removed from the Circuit Court of Marion County, Oregon, to this Court for all further proceedings.

DATED this 10th day of March, 2023.

GARRETT HEMANN ROBERTSON P.C.

*s/ Rebekah R. Jacobson*
Rebekah R. Jacobson
OSB No. 063024
503-581-1501
503-581-5891 (FAX)
rjacobson@ghrlawyers.com
Of Attorneys for Defendant Springfield School District

## CERTIFICATE OF SERVICE

    I hereby certify that I caused to be served the foregoing **NOTICE OF REMOVAL** on the date indicated below,

    [ ]    Via First-Class Mail with postage prepaid
    [ ]    Via Facsimile Transmission
    [X]    Via Electronic Filing Notice
    [X]    Via Email
    [ ]    Via Hand Delivery
    [ ]    Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

> S. Matthew Lind
> Olsen Daines, PC
> 3995 Hagers Grove Road SE
> P.O. Box 12829
> Salem, OR 97317
> *OSB No. 081403*
> *Phone: (503) 540-6100*
> *Email: mlind@olsendaines.com*
>     *Of Attorneys for Plaintiff*

    DATED this 10th day of March, 2023.

    GARRETT HEMANN ROBERTSON P.C.


    *s/ Rebekah R. Jacobson*
    Rebekah R. Jacobson
    (OSB No. 063024)
    rjacobson@ghrlawyers.com
    Elliot R. Field
    (OSB No. 175993)
    efield@ghrlawyers.com
    Of Attorneys for Defendant Springfield Public Schools

CERTIFICATE OF SERVICE:
Latino Business Alliance, et al. v. Salem Keizer School District et al.

Page - 5